## FRUIT GROWERS' EXPRESS INCORPORATED v. FEDERAL TRADE COMMISSION.

(Circuit Court of Appeals, Seventh Circuit.  June 16, 1921.)

No. 2857.

1. **Monopolies ⬦⟺24(2)—Railroads held necessary parties to proceeding to annul exclusive provision in contracts between them and a car company.**

   Under contracts between railroad companies and a car company, providing that the car company would furnish refrigerator cars for a fruit crop and furnish men, icing stations, and ice to keep the cars iced, etc., and that the railroad companies would take all their refrigerator cars from the car company and pay icing charges and the usual mileage charge, the destruction of the exclusive clause would destroy the mutuality of the contract and render it unenforceable, and the railroad companies were necessary parties to a proceeding to annul it, as in violation of Clayton Act, § 3 (Comp. St. § 8835c).

2. **Monopolies ⬦⟺24(1)—Federal Trade Commission without jurisdiction of proceeding to annul exclusive provision of contracts between railroad companies and car company; "where applicable to common carriers."**

   Clayton Act, § 11 (Comp. St. § 8835j), conferring authority to enforce compliance with certain sections, including section 3 (Comp. St. § 8835c), on the Interstate Commerce Commission "where applicable to common carriers," gives exclusive jurisdiction to the Interstate Commerce Commission where the facts involve common carriers or the business of common carriers, and the Federal Trade Commission is therefore without jurisdiction to require a car company to cease and desist from using or enforcing a provision in contracts with railroad companies requiring them to take all their refrigerator cars for a fruit crop from it.

Petition by the Fruit Growers' Express Incorporated to review an order of the Federal Trade Commission.  Order annulled and set aside.

Chas. J. Faulkner, Jr., H. K. Crafts, and R. F. Feagans, all of Chicago, Ill., for petitioner.

E. C. Alvord, of Washington, D. C., for respondent.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge.  This is an original petition filed in this court under the provisions of section 11 of the Act of October, 15, 1914, 38 U. S. Stats. at L. p. 730 (Comp. St. § 8835j), commonly known as the Clayton Act, to obtain a review of an order to cease and desist, entered by the Federal Trade Commission (here known as respondent) against Fruit Growers' Express (here known as petitioner).

In 1919 respondent filed its complaint, charging that petitioner had made a contract with certain railroads containing the following clause, alleged to be in violation of section 3 of the Clayton Act (Comp. St. § 8835c):

"The railroad shall use the car line's equipment exclusively in the movement of fruits and vegetables under refrigeration in carloads from points on the lines of railway owned or operated by the railroad during the life of this contract."

---

⬦⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A motion to dismiss was denied, and petitioner answered, admitting the correctness of the above quotation, but saying that the exclusive clause was made in consideration of and depended upon other covenants on the part of petitioner. The answer also denied the alleged violation of the Clayton Act, jurisdiction in respondent, and urged the absence of necessary parties.

By the contract, the car company was to do the following things: Furnish, to be parked and distributed, required number of suitable refrigerator cars to carry all fruit tendered; furnish men, icing stations, and ice, to keep cars iced to destination; keep cars in good repair; load and strip cars and furnish additional refrigeration under stated condition; furnish cars for points on foreign lines; hold itself accountable for failure to furnish cars required, properly iced, and for improper or faulty condition of the cars; keep an inspector at South Rocky Mount.

After a hearing, respondent made findings of fact, from which it reached and expressed the following conclusion with reference to the exclusive clause in the contract:

"The effect of such condition * * * may be to substantially lessen competition and tend to create a monopoly in the transportation of fresh fruits and vegetables under refrigeration in the territory served by the several lines of railroad mentioned, * * * and that the use of such conditions is in violation of section 3 of an act of Congress approved October 15, 1914. * * *"

Thereupon respondent entered the order here complained of, which was, in substance, that petitioner cease and desist from making any new contract containing that exclusive clause and from enforcing it in existing contracts.

Authority to enforce compliance with section 3 of the Clayton Act is vested by section 11 thereof in the Interstate Commerce Commission where applicable to common carriers, in the Federal Reserve Board where applicable to banks, banking associations, and trust companies, and in the Federal Trade Commission where applicable to all other character of commerce. If respondent had jurisdiction, it was by virtue of this section.

[1] 1. The contract here involved covered the arrangements made by common carriers for moving the Georgia fruit crop during the season, which was to begin 23 days after entry of the order to cease and desist. The previous year the crop amounted to 7,600 cars of peaches, and it had to be, and was, moved within a few weeks. To the action here complained of, and in which the contract was in part held to be illegal, the carriers were not parties. The carrier's consideration for the contract consisted of two promises, viz., first that it would take all its requirements of refrigerator cars from petitioner; and, second, that it would pay icing charges and also three-fourths of one cent per mile run on the lines of the carrier, which was the usual charge. 50 Interst. Com. Com'n R. 666. Inasmuch as the exclusive clause covered the only agreement in the contract to use any cars, the destruction of that clause destroyed the mutuality of the contract, and it could not be enforced. Dorsey v. Packwood, 53 U. S. (12 How.) 126, 13

L. Ed. 921; Tweedie Trading Co. v. Parlin & Orendorff Co., 204 Fed. 50, 112 C. C. A. 364; Dennis v. Slyfield, 117 Fed. 474, 54 C. C. A. 520; American Cotton Oil Co. v. Kirk, 68 Fed. 791, 794, 15 C. C. A. 540. Such being the effect of the finding and order, the carriers were necessary parties. U. S. v. U. S. Shoe Machinery Co., 247 U. S. 32, 60, 38 Sup. Ct. 473, 62 L. Ed. 968.

[2] 2. The words "where applicable to common carriers," in section 11 of the Clayton Act, must mean that where the facts involve common carriers, or the business of common carriers, then the jurisdiction is solely in the Interstate Commerce Commission. The action complained of involved common carriers and tended to very greatly affect their business. Respondent was therefore without jurisdiction.

The order to cease and desist is annulled and set aside.

⬫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes